UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JUAN T.R., | Case No. 26-CV-0107 (PJS/DLM) |
| Petitioner, | |
| v. | ORDER |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement, | |
| Respondents. | |

Graham Blair Ojala-Barbour, OJALA-BARBOUR LAW FIRM, for petitioner.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Juan T.R.'s petition for a writ of habeas corpus.[1]  Juan, a citizen of Ecuador, entered the United States without inspection as a minor, in or around 1999.  V. Pet. ¶¶ 3, 13, 43–46.  Juan's verified habeas petition indicates that he was detained on or about January 6, 2026 and placed in ICE custody at Fort Snelling, Minnesota.  *Id.* ¶¶ 4, 13, 43–46.

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

Juan filed this habeas action on January 8.  This is one of numerous recent cases challenging the application of 8 U.S.C. § 1225(b)(2) to aliens who have been living in the United States unlawfully.  This Court recently held that, because such aliens are not "seeking admission," see § 1225(b)(2), that provision does not apply to them.  *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Magistrate Judge Douglas L. Micko ordered respondents to file an answer to Juan's petition no later than January 12.  ECF No. 3.  Respondents failed to respond by that date and have filed no response since.  The Court will therefore grant Juan's petition to the extent of ordering that respondents provide him with a bond hearing under § 1226 and enjoining respondents from applying the mandatory-detention provision of § 1225(b)(2).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED IN PART and DENIED IN PART.  Specifically, the Court:

    a. DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and ENJOINS respondents from

        denying release or other relief on the basis that petitioner is subject to mandatory detention under § 1225(b)(2).

    b.    ORDERS respondents to provide petitioner a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

    c.    If respondents do not provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order, petitioner must be immediately released from detention.

    d.    Within 10 days of the date of this Order, the parties must provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding petitioner's status.

2.    The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 14, 2026　　　　　　　　　　　/s/ Patrick J. Schiltz  
　　　　　　　　　　　　　　　　　　　　　Patrick J. Schiltz, Chief Judge  
　　　　　　　　　　　　　　　　　　　　　United States District Court