UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JUAN T.R., | Case No. 26-CV-0107 (PJS/DLM) |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement, | |
| Respondents. | |

Graham Blair Ojala-Barbour, OJALA-BARBOUR LAW FIRM, for petitioner.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

On January 14, 2026, the Court grant petitioner Juan T.R.'s habeas petition and ordered, among other things, that "respondents provide petitioner a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order" and "[i]f respondents do not provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order, petitioner must be immediately released from detention." ECF No. 4 at 4. On January 23, petitioner's counsel notified the Court that Juan has not received a bond hearing and remains detained.

This is one of dozens of court orders with which respondents have failed to comply in recent weeks. The practical consequence of respondents' failure to comply has almost always been significant hardship to aliens (many of whom have lawfully lived and worked in the United States for years and done absolutely nothing wrong): The detention of an alien is extended, or an alien who should remain in Minnesota is flown to Texas, or an alien who has been flown to Texas is released there and told to figure out a way to get home.

This Court has been extremely patient with respondents, even though respondents decided to send thousands of agents to Minnesota to detain aliens without making any provision for dealing with the hundreds of habeas petitions and other lawsuits that were sure to result.[1] Respondents have continually assured the Court that they recognize their obligation to comply with Court orders, and that they have taken steps to ensure that those orders will be honored going forward. Unfortunately, though, the violations continue.

The Court's patience is at an end. Accordingly, the Court will order Todd Lyons, the Acting Director of ICE, to appear *personally* before the Court and show cause why he should not be held in contempt of Court. The Court acknowledges that ordering the

---

[1] The Court expresses its appreciation to attorney Ana Voss and her colleagues, who have struggled mightily to ensure that respondents comply with court orders despite the fact that respondents have failed to provide them with adequate resources.

head of a federal agency to personally appear is an extraordinary step, but the extent of ICE's violation of court orders is likewise extraordinary, and lesser measures have been tried and failed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court will hold a hearing on Friday, January 30, 2026, at 1:00 pm in Courtroom 15 (MPLS) before Chief Judge Patrick J. Schiltz.

2. Respondent Todd Lyons must appear *in person* to show cause why he should not be held in contempt for violating the Court's January 14, 2026, order.

3. Petitioner's counsel may participate in the hearing, but his attendance is not required.

4. If, before the hearing, the parties file a stipulation indicating that petitioner has been released from custody, the Court will cancel the hearing and will not require Lyons to appear.

Dated: January 26, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court